IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| JAMES EARL NEWTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:22CV388 |
| | ) | |
| DEAN LOCKLEAR, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This matter is before the Court on several motions. Plaintiff James Earl Newton ("Plaintiff"), a pro se inmate, has filed a motion to amend his complaint (Docket Entry 17), multiple discovery motions (Docket Entries 16, 21, 22, 36), and a motion for partial summary judgment (Docket Entry 28). Defendants Dean Locklear, Shawn Britt, Twankeish Clark, Travis Bridges, Adam Sayre, Timothy Locklear, Brian Bradley, Deven Wallace, Triston J. Dial, and Jose L. Osuna ("Defendants"), who are all employees at the Scotland Correctional Institution, have filed a Motion for Protective Order (Docket Enty 22), Motion for Extension of Time to Complete Discovery (Docket Entry 23) and a Motion for Summary Judgment (Docket Entry 32). (*See* Docket Entry 11 at 1.)[1] For the reasons stated below, the undersigned grants Defendants' Motion for Protective Order and Motion for Extension to Time to Complete Discovery and denies Plaintiff's motion to amend and discovery motions. Further,

---

[1] Unless otherwise noted, all citations herein refer to the page numbers at the bottom right-hand corner of the documents as they appear in the Court's CM/ECF system.

1

the undersigned recommends denying without prejudice Plaintiff's Motion for Partial Summary Judgment and Defendants' Motion for Summary Judgment.

I.   Background

In May 2022, Plaintiff filed an application to proceed in forma pauperis ("IFP") and a Complaint ("Original Complaint"). (Docket Entries 1, 2.) The Court conditionally approved Plaintiff's IFP status upon payment of fees, which he later paid in full. (*See* Docket Entry 3, Text Order dated 08/16/2022.) The Court then ordered the Clerk to prepare and file waivers of service for all Defendants pursuant to Standing Order 19. (*See* Text Order dated 08/16/2022.) Waivers of service were returned executed for all Defendants. (*See* Docket Entry 9.) In September 2022, Plaintiff filed an Amended Complaint. (Docket Entry 8.) Thereafter, Defendants filed an Answer. (Docket Entry 11.) In both his Original and Amended Complaint, Plaintiff brings two claims under 42 U.S.C. § 1983 for excessive force against Defendants Sayre, Locklear, Bradley, Wallace, Dial, and Osuna in both their official and individual capacities and failure to protect against Defendant Clark, Bridges, Locklear, and Britt in both their official and individual capacities. (*See* Docket Entry 8 at 13.)

According to his Amended Complaint: On the morning of June 16, 2021, Plaintiff was given "the wrong food tray," which subsequently "fell on the floor." (*See id.* at 14.) Defendants Britt and Clark told him that he was going to be handcuffed, but he refused because "he didn't want to out of fear of being assaulted." (*Id.*) As a result, the water to his cell was turned off. (*Id.*) He then started "a small fire in the corner of the cell door," at which point Defendants

2

Locklear, Sayre, Bradley, Wallace, Dial, Osuna, Clark and Bridges procured a fire extinguisher.[2] (*Id.*) He then told the officers he was willing to be handcuffed but was told by Defendant Bradley that "it's too late for that." (*Id.*)

To prevent Defendants from entering his cell, Plaintiff placed his mattress against the cell door. (*Id.*) Once the door was opened, Defendant Sayre pushed the mattress aside with his baton so that Defendant Wallace could extinguish the fire with the fire extinguisher. (*See id.*) Then, on the order of Defendant Britt, Defendants "Sayre, Dail, Osuna, Wallace and Bradley rushed in and began to beat" him. (*Id.* at 15.) Defendants Wallace and Bradley both beat him with batons, but Defendant Wallace specifically struck him in the head, which caused a laceration. (*See id.*) During the beating, Defendants Clark and Bridges "did not intervene to prevent these kicks and blows."[3] Afterwards, Defendants Sayre and Locklear handcuffed him and removed him from the cell, at which point, he "reached inside his shorts and dropped a homemade weapon on the floor," which Defendant Sayre picked up. (*Id.*)

After the incident, he was taken to "outside medical," where he received four staples to treat his head laceration and was diagnosed with a concussion. (*Id.* at 17.) He claims he still suffers from "migraines, dizzy spells and short term memory loss" as a result of the beating. (*Id.*) He further asserts that he has exhausted all administrative remedies and attached a copy of his grievance forms to his Amended Complaint.[4] (*See id.* at 7, 19-29.)

---

[2] Plaintiff alleges that he put the fire out himself, so there was no need for a fire extinguisher. (*See* Docket Entry 8 at 14.)
[3] Plaintiff also believes that Defendants Clark and Bridges might have participated in the beating. (*See* Docket Entry 8 at 15.)
[4] Plaintiff's Original and Amended Complaint allege the same facts. (*See generally* Docket Entries 2 and 8.) Copies of his grievance forms were added with the Amended Complaint. (*See* Docket Entries 8 at 19-29.)

3

He requests relief in the form of a "declaratory judg[]ment" stating Defendants Clark, Bridges, T. Locklear, Wallace, Badley, Sayre, Osuna, and Dial violated his rights, Defendant D. Locklear failed to prevent his injuries, and Defendant Britt ordered the beating. (*Id.* at 17.) He also requests an evaluation by a "medical practitioner with expertise in the treatment of head trauma," along with compensatory and punitive damages totaling several hundred thousand dollars. (*Id.* at 18.)

Defendants, in turn, filed an Answer, in which they deny that Plaintiff's constitutional rights were abridged or that any unlawful action caused Plaintiff's injury. (*See* Docket Entry 11 at 3.) Instead, they argue that any injuries arose from "Plaintiffs own actions or inactions." (*See id.*) Defendants also raise an Eleventh Amendment sovereign immunity defense to the official capacity claims and a public official immunity defense to the individual capacity claims. (*Id.* at 4.) They further recognize that Plaintiff has "submitted numerous grievances" but reserve the right to assert failure to exhaust administrative remedies as a defense. (*Id.* at 5.)

In December 2022, the Court placed the case on a Standard discovery track with an overall completion deadline of June 28, 2023. (*See* Docket Entry 12.) In January 2023, Plaintiff filed two letter motions, requesting to amend his complaint for a second time and discovery to commence. (Docket Entries 13, 14.) The Court denied both requests. (*See* Text Order dated 02/23/2023.)

Thereafter, Plaintiff filed another motion to amend his complaint ("Motion to Amend") (Docket Entry 17), two motions to compel (Docket Entries 16, 36), a motion for entry of default (Docket Entry 21), a motion for default judgment (Docket Entry 22), and a motion for partial summary judgment (Docket Entry 28). Defendants filed a motion for

4

protective order (Docket Entry 23), motion for extension of time to complete discovery (Docket Entry 24), and a motion for summary judgment (Docket Entry 32). All motions are ripe and ready for review.

II.     Discussion

### Standard of Review

Pro se complaints are to be liberally construed. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). "Liberal construction is particularly appropriate when a pro se complaint raises civil rights issues." *Moody-Williams v. LipoScience,* 953 F. Supp. 2d 677, 680 (E.D.N.C. 2013); *see also Brown v. N.C. Dept. of Corr.*, 612 F. 3d 720, 722 (4th Cir. 2010). However, even under liberal construction, "generosity is not fantasy," and the court is not expected to plead a plaintiff's claim for him. *Pender v. Suburban Hosp., Inc.,* 159 F.3d 186, 192 (4th Cir. 1998).

a.  **Motion to Amend Complaint**

In March 2023, Plaintiff filed a motion entitled "Motion for Leave to File an Amended Complaint and Adding Sworn Affidavit of Grievance Exhaustion" ("Motion to Amend"). (Docket Entry 17.) In his motion, he seeks to add his own affidavit, attesting that he has exhausted all his administrative remedies. (*Id.* at 1.) While motions to amend are to be "freely give[n] . . . when justice so requires" (Fed. R. Civ. P. 15(a)(2)), "[a] district court may deny a motion to amend when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile." *Fullard v. Perry,* No. 1:20CV253, 2021 WL 11421439, at *1 (M.D.N.C. Mar. 23, 2021), *report and recommendation adopted,* No. 1:20CV253, 2021 WL 11421440 (M.D.N.C. Aug. 5, 2021). Amendments that do not add new claims or defendants, but instead assert duplicative information, are considered

5

futile. *See Serian v. Penguin Grp. (USA), Inc.,* No. CIV.A. 1:08CV74, 2009 WL 2225412, at *4 (N.D.W. Va. July 23, 2009) (denying a motion to amend because no new information or arguments were presented); *see also Foster v. Powers,* No. CA 3:08-0025-PMD-JRM, 2009 WL 349165, at *7 (D.S.C. Feb. 10, 2009), *aff'd,* 339 F. App'x 355 (4th Cir. 2009) (noting that the amended complaint "makes no new factual allegations, and makes no new claims against Defendants who were not previously named in this action. Since this would add no new claims or parties to the action, this Motion is quite obviously futile in that it does not actually seek to materially alter the proceeding in any way.").

The undersigned denies Plaintiff's motion to amend for several reasons. First, Plaintiff's deadline to amend his pleadings was February 28, 2023. (*See* Docket Entry dated 12/28/2022.) However, his Motion to Amend has submission dates of both March 1, 2023 and March 8, 2023, both of which fall outside the deadline. (*See* Docket Entries 17 at 1, 17-1.)

Additionally, the operative Amended Complaint already asserts that Plaintiff has exhausted all his administrative remedies and contains copies of his grievance forms. (*See* Docket Entry 8 at 7, 19-29.) The addition of an affidavit attesting to the fact that he has exhausted his administrative remedies would present duplicative information, rather than raise additional claims or defendants, and thus the motion is futile.

Finally, Plaintiff does not present the motion to amend in the correct form pursuant to Local Rule 15.1, which requires the moving party to attach the proposed order to the motion. M.DN.C. LR 15.1 ("If a party is required by the Rules to file a motion in order to seek leave to amend a pleading, the moving party shall attach the proposed amended pleading to

6

the motion."). Therefore, for the reasons stated above, the undersigned will deny Plaintiff's motion to amend his complaint. (Docket Entry 17.)

### b. Plaintiff's Discovery Motions

Plaintiff has filed several discovery requests and motions to compel. In January 2023, he filed a letter motion entitled "Plaintiff's First Request for Production of Documents Filed Contemporaneously with Lawsuit" ("First Discovery Request") (Docket Entry 14), which the Court denied without prejudice because "discovery should be directed to and served upon the parties . . . and should not generally be filed with the Court." (Text Order dated 02/23/2023.) Despite the Court's denial of the motion, Defendants responded to Plaintiff's First Discovery Request, stating that while some requests were inappropriate, they would turn over all appropriate documentation after the Court entered a protective order. (*See* Docket Entry 19-1 at 3-6.)

In March 2023, Plaintiff filed a "Motion for an Order Compelling Discovery" ("First Motion to Compel"), which is pending before the Court.[5] (Docket Entry 16.) In it, Plaintiff reasserts one of the requests from his First Discovery Request, namely, production of "[a]ny and all grievances, complaints or other documents received by prison staff . . . concerning the mistreatment of inmates by S. Britt, T. Clark, T. Bridges, A. Sayre, T. Locklear, D. Wallace, B. Bradley, J. Osuna, T. Dail, C. Oxendine, and B. Veshinki . . . ."[6] (*Id.* at 1.)

---

[5] Soon thereafter, Plaintiff filed another document entitled "Plaintiff's Request for Production of Documents" ("Second Discovery Request") which is another request for documents filed with the Court but directed at Defendants. (Docket Entry 18.)

[6] B. Veshinki and C. Oxendine are not defendants in this action.

7

Defendants, in turn, filed a Response to Plaintiff's First Motion to Compel, in which they assert that Defendant did not attempt to meet and confer before filing the motion or file the necessary certification, as required under the Local Rules and Federal Rules of Civil Procedure. (Docket Entry 19 at 2 (citing Fed. R. Civ. P. 37(a)(1)).) Additionally, they assert that, since the request made in the First Motion to Compel also appears in Plaintiff's First Discovery Request, they have responded to it, by stating that the request was "unduly burdensome, overly broad and disproportionate to the needs of the lawsuit." (*Id.* at 3, Docket Entry 19-1 at 3.)

In April 2023, Plaintiff filed a "Declaration for Entry of Default" (Docket Entry 21) and a "Motion for Default Judgment" (Docket Entry 22). Despite the motions' titles, both motions address Defendants alleged failure to respond to Plaintiff's discovery requests. (*See* Docket Entry 21 at 1 ("The Defendants have failed to answer or respond to the Plaintiffs Request for Production of documents in a timely manner"); *see also* Docket Entry 22 at 1 ("no answer or response has been filed by the defendants").)

Defendants responded to these two motions, arguing that both motions are improper because they have "timely and appropriately pleaded and defended the instant case to date," and they also responded to Plaintiff's First Discovery Request. (Docket Entry 26 at 4-5.) They additionally note that they were not properly served with Plaintiff's First Motion to Compel and did not receive a copy until it was filed with the Court on March 13, 2023, and thus "no response was required until they were properly served." (*Id.* at 5.)

In July 2023, Plaintiff filed another "Motion for an Order Compelling Discovery" ("Second Motion to Compel") (Docket Entry 36). Defendants responded, again arguing that

8

that Plaintiff did not attempt to contact Defendants' counsel before filing the motion to compel, nor did he include the required certification. (Docket Entry 38 at 4-5.) They also restate that they responded to Plaintiff's First Discovery Request, and additionally, the motion was untimely filed. (*Id.* at 5.)

Federal Rule of Civil Procedure 26 provides general rules regarding the scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). If an opposing party refuses to turn over appropriate discovery, Rule 37 allows the requesting party to file a motion to compel discovery. Fed. R. Civ. P. 37(a)(1). However, "[t]he motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." *Id.* District courts generally have broad discretion in managing discovery, including whether to grant or deny a motion to compel. *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Virginia, Inc.*, 43 F.3d 922, 929 (4th Cir. 1995); *Erdmann v. Preferred Research, Inc. of Georgia*, 852 F.2d 788, 792 (4th Cir. 1988). "[T]he party or person resisting discovery, not the party moving to compel discovery, bears the burden of persuasion." *Carter Hughes v. Research Triangle Inst.*, No. 1:11CV546, 2014 WL 4384078, at *2 (M.D.N.C. Sept. 3, 2014) (unpublished) (citation omitted).

Additionally, "[a] *pro se* litigant is entitled to some consideration of his non-lawyer status . . . ." *Crisp v. Allied Interstate Collection Agency,* 149 F. Supp. 3d 589, 593 (M.D.N.C. 2016) (emphasis in original). However, "[a]s the United States Supreme Court observed in *McNeil v. United States,* 508 U.S. 106, 113 (1993), '[the Supreme Court] ha[s] never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.'" *Dewitt v. Hutchins,* 309 F. Supp. 2d 743, 748-49 (M.D.N.C. 2004) (internal parallel citations and second set of internal quotation marks omitted). "Accordingly, pro se litigants are not entitled to a general dispensation from the rules of procedure or court-imposed deadlines." *Id.* (citation omitted); *see also Dish Network L.L.C. v. Jones,* No. 1:15CV874, 2016 WL 4491722, at *2 (M.D.N.C. Aug. 25, 2016).

Here, Plaintiff has filed two motions to compel, but he did not attempt to confer with Defendants before filing either motion or provide the required certification. *See* Fed. R. Civ. P 37(a)(1), *see* M.D.N.C. LR 37.1(a). Further, despite its procedural errors, Defendants responded to Plaintiffs First Discovery Request.[7] (Docket Entry 19-1.) While an inmate filing pro se faces certain litigation obstacles, Plaintiff has already been informed that he "should serve discovery requests upon Defendants in accordance with the Federal Rules of Civil Procedure." (Text Order dated 02/23/2023.) Instead, Plaintiff continues to inappropriately file discovery requests with the Court instead of serving Defendants and motions to compel before attempting to resolve the dispute with Defendants. As such, the undersigned denies

---

[7] In fact, Plaintiff admits in his Motion to Compel that "defendants counsel object to the request of documents listed above pursuant to Rule 34," indicating that Defendants had responded to his request for discovery. (Docket Entry 16 at 2.)

Plaintiff's Motions to Compel.[8] (Docket Entries 16, 36.) Moreover, the undersigned construes Plaintiff's "Declaration for Entry of Default" (Docket Entry 21) and "Motion for Default Judgment" (Docket Entry 22) as additional motions to compel and similarly denies them for the reasons stated above.

### c. Defendants' Protective Order and Motion for an Enlargement of Time to Respond to Plaintiff's Discovery Requests

In April 2023, Defendants filed a Motion for Protective Order (Docket Entry 23) and requested an extension of time to complete discovery (Docket Entry 24). Defendants seek a protective order to safeguard confidential information pertaining to the North Carolina Department of Adult Correction. (*See* Docket Entry 23.) "The court may, for good cause, issue an order to protect a party of person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c)(1). Hence, for good cause shown, the undersigned grants Defendant's motion (Docket Entry 23) and will enter a protective order to coincide with this recommendation and order.

Further, Defendants filed a motion for extension of time to respond to Plaintiff's Second Discovery Request (Docket Entry 18). (*See* Docket Entry 24.) Defendants note several reasons for the delay in responding, including the recent substitution of Defense Counsel and the pending protective order. (*See id.* at 3.) Rule 6 allows for extensions of time if good cause is shown. Fed. R. Civ. P. 6(b)(1)(A). Thus, having shown good cause, the undersigned grants Defendants' motion for an extension of time. (Docket Entry 24.)

### d. Summary Judgment Motions

---

[8] Additionally, Plaintiff's Second Motion to Compel was filed about one month after the original discovery deadline had passed.

In July 2023, Plaintiff filed a motion for Partial Summary Judgment and a supporting "declaration" in which he realleges the claims from his Amended Complaint. (Docket Entry 28, 28-1). That same month, Defendants filed a motion for summary judgment and supporting brief, in which they assert that there are not any disputed genuine issues of material fact and Defendants are entitled to qualified immunity. (Docket Entries, 32, 33 at 1.) "Summary judgment is appropriate when there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Zahodnick v. Int'l Bus. Machs. Corp.*, 135 F.3d 911, 913 (4th Cir. 1997).

However, "as a general proposition, summary judgment is appropriate <u>only</u> after adequate time for discovery." *Bryant v. Woodall,* No. 1:16CV1368, 2017 WL 1292378, at *2 (M.D.N.C. Apr. 7, 2017) (emphasis in original). Therefore, "[s]ummary judgment must be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." *Emrit v. Reverb Nation, Inc.,* No. 1:14CV1014, 2014 WL 12672644, at *3 (M.D.N.C. Dec. 31, 2014), *report and recommendation adopted,* No. 1:14-CV-1014, 2015 WL 13122882 (M.D.N.C. Jan. 29, 2015) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 n.5 (1986)).

Here, due in part to the Court's delay in granting the pending protective order, no discovery has been produced. Accordingly, the Court will revise the discovery and dispositive motion deadlines and allow discovery to proceed. Therefore, the undersigned recommends denying Plaintiff's motion for partial summary judgment (Docket Entry 28) and Defendants' motion for summary judgment (Docket Entry 32) without prejudice. The Parties may refile their dispositive motions after the completion of discovery.

### III. Conclusion

Accordingly, IT IS HEREBY ORDERED that Plaintiff's "Motion for an Order Compelling Discovery" (Docket Entry 16) be DENIED; "Motion for Leave to File an Amended Complaint and Adding Sworn Affidavit of Grievance Exhaustion" (Docket Entry 17) be DENIED; "Declaration for Entry of Default" (Docket Entry 21) be DENIED; "Motion for Default Judgment" (Docket Entry 22) be DENIED; and "Motion for an Order Compelling Discovery" (Docket Entry 36) be DENIED.

Further, IT IS HEREBY RECOMMENDED that Plaintiff's "Motion for Partial Summary Judgment" (Docket Entry 28) be DENIED WITHOUT PREJUDICE; and Defendants' "Motion for Summary Judgment" (Docket Entry 32) be DENIED WITHOUT PREJUDICE.

The undersigned also ORDERS that Defendants' "Motion for Protective Order" (Docket Entry 23) be GRANTED; and Defendants' "Motion for an Enlargement of Time to Respond to Plaintiff's Discovery Requests" (Docket Entry 24) be GRANTED. Defendants shall have up to and including April 1, 2024 to respond to Plaintiff's "Request for Production of Documents" (Docket Entry 18) and supplement their response to Plaintiff's First Discovery Request. (*See* Docket Entries 14, 19-1.) Additionally, all discovery shall be completed by April 15, 2024, and dispositive motions shall be due by May 15, 2024. The parties shall not anticipate any further extensions of said deadlines.

                                                                         /s/ Joe L. Webster
                                                                           United States Magistrate Judge

February 23, 2024
Durham, NC